## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

            **Case No. 2:14-cr-4**

    **Plaintiff,**             **JUDGE EDMUND A. SARGUS, JR.**

   **v.**

**JORGE J. SANTOS,**

    **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Defendant Jorge J. Santos' pro se Motion for Compassionate Release, (ECF No. 77), as later supplemented by counsel. (ECF No. 80). The Government opposes release. (ECF No. 81). For the reasons stated below, Mr. Santos' pro se Motion for Compassionate Release, (ECF No. 77), as supplemented, (ECF No. 80), is **DENIED**.

### I.

On February 20, 2014, Mr. Santos pleaded guilty to conspiring to possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, §§ 841(a)(1) and (b)(1)(A)(ii), as well as possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* ECF Nos. 12, 25). This Court, with Judge Frost presiding as the sentencing judge, sentenced Mr. Santos to a 180-month term of imprisonment to be followed by five years of supervised release. (ECF No. 57). Mr. Santos is now serving his sentence at FCI Ashland in Kentucky. He has served approximately eighty-four (84) months of his sentence, and is predicted to be released on October 13, 2026, which is slightly under seventy (70) months from the date of this order. (Supp. Mem. at 3, ECF No. 80) (citing www.bop.gov). Mr. Santos now asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Mr. Santos requests a compassionate release to home confinement. He argues that the Court has the authority to order such a release because he has met the 30-day waiting requirement, his release is justified by extraordinary and compelling reasons, and the sentencing factors weigh in favor of his release.[1] (Supp. Mem. at 6, 16, 19, ECF No. 80). Mr. Santos is 41 years old and asserts that his Hispanic ethnicity, combined with the conditions of his confinement, place him at heightened risk from COVID-19. (Mot. at 2–3, ECF No. 77; Supp. Mem. at 14, ECF No. 80). He further asserts that "the facts surrounding his case are an 'extraordinary and compelling' reason warranting reduction of his one hundred eighty (180) month sentence." (Supp. Mem. at 16, ECF No. 80). For instance, this was Mr. Santos' first and only felony offense. (*Id.*).

---

[1] Around June 9, 2020, Mr. Santos requested compassionate release from his warden. (Supp. Mem. at 7, ECF No. 80). The warden denied his request on June 22, 2020. (*Id.*). Mr. Santos then waited to file the instant Motion until October 16, 2020. (ECF No. 77). The Government does not dispute that Mr. Santos has satisfied the 30-day waiting requirement. (Gov. Resp. at 1, ECF No. 81).

When an inmate files a motion for compassionate release—as Mr. Santos has done here—the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9. In defining "extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety).

In this case, Mr. Santos has not demonstrated extraordinary and compelling reasons warranting a compassionate release. While it is true that statistically Hispanic individuals do see higher rates of COVID-19 cases, hospitalizations, and death, ethnicity itself is not an underlying condition but rather a risk marker.[2] The underlying conditions for which ethnicity often serves as a marker include socioeconomic status, access to health care, and exposure to the virus related to occupation. *Id.* The generalized risk posed to all by COVID-19 is not transformed by an inmate's ethnicity alone into a sufficiently particularized risk to constitute an extraordinary and compelling reason for release.

The fear of contracting COVID-19 is shared by many, both in the prisons and in the general population. That fear is entirely rational. However, the danger presented by this pandemic would not be lessened by a general release of all incarcerated individuals. As a general matter, this Court

---

[2] CDC, *COVID-19 Hospitalization and Death by Race/Ethnicity*, last updated Nov. 30, 2020, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html.

is not inclined to find that extraordinary and compelling reasons warrant an inmate's release unless COVID-19 presents a particularized risk to that inmate, or justice otherwise so requires. This Court cannot find that COVID-19 poses Mr. Santos a sufficiently particularized risk based on his ethnicity alone, and thus cannot find that "extraordinary and compelling reasons" warrant his release. 18 U.S.C. § 3582(c)(1)(A)(i).

## IV.

Accordingly, Mr. Santos' pro se Motion for Compassionate Release, (ECF No. 77), as supplemented, (ECF No. 80), is **DENIED**.

**IT IS SO ORDERED.**

**12/30/2020**                s/Edmund A. Sargus, Jr.
**DATE**                    EDMUND A. SARGUS, JR.
                                                UNITED STATES DISTRICT JUDGE